NATHANIEL G. CHILCOTE

*v.*

WILLIAM KILE *et al.*

1. STATUTE OF FRAUDS—*parol promise to pay the debt of another, or do some collateral act to obtain payment—void.* A parol promise to pay the debt of a third

person, or perform some collateral act by which payment of the debt can be obtained, with no consideration to support it, is void.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of assumpsit, brought by the appellees against the appellant, in the Edgar county Circuit Court. The declaration contained the common counts, to which a plea of the general issue was filed, with an agreement that any facts might be given in evidence, which would be competent under special pleas. The case was tried by the court, a jury being waived, and a judgment rendered for plaintiff for $109.00. The facts in the case are fully stated in the opinion.

Messrs. SCHOLFIELD & EADS, for the appellant.

Messrs. TANNER & FICKLIN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case it appears that one Lowry owed appellant two hundred dollars, and appellees had received Lowry's wool for shipment and sale, on which they had made advancements. Appellant drew an order for the two hundred dollars on Lowry, in favor of appellees, who agreed to save the money for him, if it was in the wool, over and above the sums advanced to Lowry, up to the date of the order. Appellees loaned one hundred dollars to appellant, which he was to pay in a few days, but never did, but claims that Walker agreed to turn it on the order drawn on Lowry; this Walker denies. Appellant insists that Kile accepted the order unconditionally, but this Kile denies. The order was never presented to Lowry by appellees.

There is no claim that appellant owed appellees at the time

12—47TH ILL.

the order was given, or that they had any interest in the matter. They were merely acting as the agents of appellant, for his accommodation, and, so far as we can see, without compensation. That appellant was liable to appellees for the payment of the one hundred dollars which he borrowed of them, there can be no doubt, unless they have rendered themselves liable for the two hundred dollars, and it can be interposed as a set-off to their claim. Did they, then, render themselves liable for its payment, at all events?

It is not claimed that appellees have any portion of Lowry's money in their hands, having paid to him, or on his order, all that they received from the wool. But it is insisted that appellees did not receive the value of the wool when it was sold, or at least did not have it shipped to the market indicated by Lowry, and from a mistake in addressing a letter to the consignees, a sale was delayed and was made at a lower price than could have been otherwise had. Admitting this all to be true, we are at a loss to see how that could, in any manner, render appellees responsible to answer for the loss to appellant. If guilty of negligence and improper conduct, it would no doubt render them liable to Lowry, but they were not liable to, nor had they contracted with, appellant, for the sale of this wool. He was a stranger to the transaction, and they were not liable to render to him an account of their agency in the matter.

Again, appellant only handed the order to appellees without seeing Lowry, or procuring his acceptance, and we do not find, from the evidence, that they agreed to present it for that purpose. They only agreed to pay it if there was a surplus of the proceeds of the wool over and above the payment of their advances. And it must be understood, that it would only be with the consent of Lowry. But appellant did not procure that assent by an acceptance of the order, or otherwise. He, no doubt, expected appellees to present it, but they had not so agreed, and should not be liable for the amount by

failing to present it. They seem only to have acted as a matter of favor and kindness to appellant, and not as a matter of interest or profit to themselves. Even had they agreed to present the order for acceptance and failed to do so, it is by no means clear that they would have rendered themselves liable for the amount.

Appellant still retains his claim against Lowry, unimpaired and in full force, so far as this record discloses. He has, it is true, been disappointed in its collection in this mode. Had he procured Lowry's acceptance, and appellees had received the order thus accepted, they might have been liable, as then Lowry would have owed appellees, and not appellant, and he would have had no power or control over the demand, but it is otherwise in this case. They received no consideration to support a promise to pay the debt of Lowry to appellant. It was a naked promise, gratuitously made to appellant, and they are not bound by it. Appellant could, after the arrangement was made, have sued and recovered his debt from Lowry, precisely as though it had never been entered into by the parties. Had Lowry been released, and appellees agreed, in consideration of the release, to pay the debt, a different question would have been presented, but still that might not have been free from doubt. As the facts are presented in this case, we must, however, hold that appellees did not become liable to pay the Lowry debt to appellant, and the judgment of the court below must be affirmed.

*Judgment affirmed.*